IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE LONAS,

                      Plaintiff,

   v.

JUDGE GRIESBACH, JUDGE BISHEL, JUDGE ZUDMULDER, A.D.A. DANA JOHNSON, OFFICER MARY SHARTNER, BROWN COUNTY POLICE DEPARTMENT, DEPARTMENT OF CORRECTIONS, ATTORNEY SINGH, and ATTY. KACHINSKY,

                      Defendants.

OPINION & ORDER

16-cv-780-jdp

---

DESSIE LONAS,

                      Plaintiff,

   v.

DANA JOHNSON,

                      Defendant.

OPINION & ORDER

16-cv-790-jdp

---

DESSIE LONAS,

                      Plaintiff,

   v.

STATE OF WISCONSIN,

                      Defendant.

OPINION & ORDER

16-cv-791-jdp

---

Plaintiff Dessie Lonas, a Wisconsin Department of Corrections prisoner housed at the Oshkosh Correctional Institution, has filed documents styled as civil complaints in each of the three above-captioned cases, all which concern his 2008 Brown County conviction for repeated sexual assault of a child. The relief he seeks is the vacation of his conviction and a

new trial, a declaration that the repeated-sexual-assault-of-a-child criminal statute is unconstitutional, and criminal charges to be brought against officials involved in prosecuting him. Lonas seeks leave to proceed with his cases *in forma pauperis*, and he has already made initial partial payments of the filing fees previously determined by the court.

The next step is to screen each of the complaints. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Lonas is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After considering Lonas's allegations, I conclude that each of the cases must be dismissed, because this court cannot grant the relief he seeks in the type of case he brings. For instance, in the '791 case, he seeks a declaratory judgment that Wis. Stat. § 948.025 ("Engaging in repeated acts of sexual assault of the same child.") is unconstitutional. But Lonas cannot bring an action for declaratory relief where a judgment in his favor would implicitly question the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("respondent's claim for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). Nor can I initiate criminal proceedings or conduct a "John Doe" proceeding under Wisconsin law, as Lonas asks for in the '790 case. If Lonas wants to pursue federal criminal charges against defendants, he should contact the United States Attorney. If he wants to pursue a "John Doe" proceeding, he will have to do that in state court.

At the heart of each of these cases is Lonas's request that his conviction be vacated and that he receive a new trial. This federal court can consider this type of request only if it is included in a petition for writ of habeas corpus. I will not convert these cases into a habeas action. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment, rather than to 'convert' the case to an impossible or inappropriate alternative suit.").

I will dismiss these cases. Lonas can pursue his claims by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Lonas should not construe anything in this order as an opinion on the potential merits of any habeas claim he might bring. I will also warn Lonas that to pursue his claims under § 2254, he will have to demonstrate that his petition is timely and that he has complied with all applicable exhaustion requirements, meaning that he has presented his claims to the state court system before filing his federal habeas petition.

Lonas has also filed a series of letters in these cases and his other currently pending case (16-cv-752-jdp) regarding his prison trust fund account. Because I addressed those letters in the '752 case, I will not address them here.

Finally, I see no reason to hold Lonas to three separate filing fees when there was no real reason for him to file three separate lawsuits about the problems with his conviction. I will direct the clerk of court to excuse Lonas from paying the remainder of his filing fees for the '790 and '791 cases. He will still have to pay the fee in the '780 case. I will direct the

clerk of court to apply Lonas's initial partial payments from the other two cases toward his fee in the '780 case.

ORDER

IT IS ORDERED that:

1. These cases are DISMISSED without prejudice. The clerk of court is directed to enter judgment in favor of defendants and close those cases.

2. Plaintiff Dessie Lonas will not owe a filing fee for case nos. 16-cv-790-jdp and 16-cv-791-jdp. The clerk of court is directed to apply plaintiff's payments in those two cases toward the filing fee for case no. 16-cv-780-jdp.

Entered January 20, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge