IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESSIE LONAS,

                        Plaintiff,

        v.

JUDGE GRIESBACH, JUDGE BISHEL, JUDGE ZUDMULDER, A.D.A. DANA JOHNSON, OFFICER MARY SHARTNER, BROWN COUNTY POLICE DEPARTMENT, DEPARTMENT OF CORRECTIONS, ATTORNEY SINGH, and ATTY. KACHINSKY,

                Defendants.

ORDER

16-cv-780-jdp

---

DESSIE LONAS,

                Plaintiff,

        v.

DANA JOHNSON,

                Defendant.

ORDER

16-cv-790-jdp

---

DESSIE LONAS,

                Plaintiff,

        v.

STATE OF WISCONSIN,

                Defendant.

ORDER

16-cv-791-jdp

---

        Plaintiff Dessie Lonas, a Wisconsin Department of Corrections prisoner housed at the Oshkosh Correctional Institution, filed documents styled as civil complaints in each of the three above-captioned cases, all which concerned his 2008 Brown County conviction for repeated sexual assault of a child. Lonas sought the vacation of his conviction and a new trial,

a declaration that the repeated-sexual-assault-of-a-child criminal statute is unconstitutional, and criminal charges to be brought against officials involved in prosecuting him.

I dismissed all three of these cases in a January 20, 2017 order, because I could not grant the type of relief he sought in civil rights lawsuits brought under 42 U.S.C. § 1983. Dkt. 16 in the '780 case. In particular, I could not issue an order vacating his conviction. And under Seventh Circuit precedent, I would not convert his cases into a petition for writ of habeas corpus.

Now Lonas has filed a motion for reconsideration of the dismissal of these three cases. He states that the district attorney, police, and Department of Corrections are withholding evidence "so [he] could not file a habeas or motions to get back in a court of law" and he suggests that after writing to the clerk of court about this withholding of evidence (before he filed his lawsuits here), he was informed to file a complaint. Dkt. 19 in the '780 case, at 1. Lonas asks me to allow him to rewrite his cases or to tell him how to proceed with a challenge to his conviction.

I have directed the clerk of court to place two of its responses to Lonas's letters on the docket of his '780 case. Dkt. 21. The clerk's responses show that the clerk's office informed Lonas that he could file a civil complaint or a habeas action, depending on the type of relief he was seeking. *Id*. The clerk cannot give Lonas legal advice about which type of lawsuit to file, so it was up to Lonas to determine which type of action was best. As I explained in the January 20 order, a civil rights lawsuit was not the proper way to litigate his claims for vacation of his conviction. I will deny Lonas's motion for reconsideration because he does not persuade me that my decision was incorrect.

2

What I said in the previous order (and what the clerk told Lonas) holds true: to challenge his conviction, Lonas must file a postconviction motion in his state trial court or a petition for writ of habeas corpus in federal court.[1] Nothing in any of Lonas's submissions suggests that he is being blocked from filing a postconviction motion or habeas petition. If government officials are not allowing him access to certain evidence, that is an issue he should raise in his postconviction motion or habeas petition. But he must take one of those options; he cannot present this claim in the civil rights lawsuits that I have dismissed.

From the online record of Lonas's criminal proceedings, I cannot tell which option is right for him. He will have to make that decision himself. But I again warn Lonas that to pursue his claims in a habeas petition under § 2254, he will have to demonstrate that his petition is timely and that he has complied with all applicable exhaustion requirements, meaning that he has presented his claims to the state court system before filing his federal habeas petition.

ORDER

IT IS ORDERED that plaintiff Dessie Lonas's motion for reconsideration of the court's January 20, 2017 order is DENIED.

Entered February 2, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

---

[1] I also note that the appropriate place to file his habeas is almost certainly the District Court for the Eastern District of Wisconsin, because that is the district in which he was sentenced and in which he is currently incarcerated.

3